UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD DAVIS and LAKEISHA DAVIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-3276-B |
| BANK OF AMERICA, N.A., | § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (doc. 5). For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss. Accordingly, Plaintiffs' case is hereby **DISMISSED**.

### I.

### BACKGROUND[1]

On or about March 15, 2007, Plaintiffs Donald and Lakeisha Davis (collectively "Davises" or "Plaintiffs") purchased the residential property located at 1826 Val Vista Drive, Midlothian, Texas 76065 (the "Property"). Pls.' Pet ¶¶ 5–6. To finance the purchase, Plaintiffs executed a Note payable to DHI Mortgage Company, Ltd., in the original principal amount of $311,948.00. Def.'s App.

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Original Petition ("Pls.' Pet."). Plaintiffs' factual allegations are viewed in the most favorable light and are undisputed unless otherwise noted. *See, Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true").

Ex. A.[2] The Note was secured by a Deed of Trust naming Mortgage Electronic Registration Systems, Inc. ("MERS") as sole nominee and beneficiary of the Deed of Trust. Pls.' App. Ex. A. On July 29, 2011, MERS assigned the Deed of Trust to BAC Home Loans Servicing, LP. Pls.' App. Ex. B.

Defendant Bank of America, N.A. ("Defendant" or "BOA"), as successor by merger to BAC Home Loans Servicing, LP, became the mortgagee and mortgage servicer of Plaintiffs' loan. Pls.' App. Ex. D. At some point during the term of Plaintiffs' loan—a point unidentified by the parties—Plaintiffs became unable to fulfill their obligations contained in the Note. Pls.' Pet. ¶ 23. Defendant BOA then scheduled Plaintiffs' Property for a foreclosure sale, to take place on November 1, 2011. Pls.' App. Ex. D.

Plaintiffs present a litany of factual allegations and theories challenging the validity of MERS's assignment and BOA's attempt to foreclose. First, Plaintiffs allege that MERS had no interest in the Note that it could assign to BOA. Pls.' Pet. ¶¶ 7–8. Second, Plaintiffs allege the Assignment of Deed of Trust does not properly identify what entity is assigning an interest to BOA. *Id.* at ¶ 9. Third, Plaintiffs argue there is no evidence BOA acquired the specific interests at issue in this case from BAC Home Loans Servicing, LP. *Id.* Fourth, Plaintiffs allege Federal National Mortgage Association may also have an interest in the subject property. Fifth, in what appears to be a critique of the financial industry in general, Plaintiffs allege BOA has already been reimbursed for all amounts due under the Note when the Note was securitized pursuant to a Pooling and Servicing Agreement. *Id.*

---

[2] In referring to documents provided in Defendant's Appendix, the Court notes that under a 12(b)(6) motion, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d at 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–499 (5th Cir. 2000)).

at ¶¶ 11–12. Lastly, Plaintiffs allege that no other investors have filed a security agreement providing a security interest in the Deed of Trust. *Id.* at ¶ 14.

In an effort to halt the foreclosure sale, Plaintiffs filed suit in state court on November 1, 2011. BOA then timely removed this action to this Court. In their Petition, the Davises seek a declaratory judgment, undetermined costs and attorney's fees, and allege a claim for suit to quiet title. On December 5, 2011, BOA filed the present Motion to Dismiss. Defendant's Motion has been fully briefed by the parties and is ripe for consideration.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 679 (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. Rule Civ. P. 8(a)(2)).

## III.

## ANALYSIS

### A. Standing

The Court begins and largely ends its analysis by noting that the entirety of Plaintiffs' theories are based on allegations regarding the assignment by MERS of the Deed of Trust to BAC Home Loans Servicing, LP and related agreements to which Plaintiffs were neither in privity nor third-party beneficiaries. Such a foundation clearly inhibits Plaintiffs ability to state a viable claim for relief.

It is now well-established by this Court and others in this Circuit that "borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments." *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. June 26, 2012) (quoting *Garrett v. HSBC Bank USA, N.A.*, No. 3-12-CV-0012-D, 2012 WL 1658796, at *2 (N.D. Tex. May 11, 2012)); *see also, e.g. Woods v. Bank of America*, No. 3:11-CV-1116-B, 2012 WL 1344343 (N.D. Tex. April 17, 2012); *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F.Supp.2d 616 (N.D. Tex. 2011).

In this case, Plaintiffs' theories as to why this Court should grant declaratory judgment and find a valid suit to quiet title claim are based entirely on assignments and agreements to which Plaintiffs were not parties. Even if Plaintiffs could challenge the assignments at issue, their underlying arguments are wholly without merit. First, Plaintiffs seek to challenge the assignment of the Deed

of Trust by MERS to BAC Home Loan Servicing, LP on the grounds that the Note was not also transferred with the Deed of Trust, and the assignment does not identify the "lender, its successor and assigns." Pls.'s Pet. ¶ 9. This contention bears little weight in that MERS was not required to also transfer the Note, because, as courts have repeatedly noted, "a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *DeFranceschi*, 837 F.Supp.2d 616, ___, (N.D. Tex. 2011) (citing *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D.Tex. Feb. 24, 2011)). Second, the Assignment of Deed of Trust, provided by Plaintiffs, clearly identifies DHI Mortgage Company, Ltd. as the "Original Lender" in complete accord with the language contained in the Deed of Trust. Pls.' App. Ex. B.

Next, Plaintiffs allege BOA must provide actual evidence BOA received an interest from BAC Home Loans Servicing, LP. Pls.' Pet. ¶ 9. Plaintiffs allege that it is insufficient for BOA to merely acknowledge that it is "successor by merger to BAC Home Loans Servicing, LP." Pls.' App. Ex. D. Plaintiffs do not identify, however, any provision in the Note or Deed of Trust that would somehow require an assignee to provide evidence of future corporate mergers and their holdings.

Plaintiffs also challenge the process through which their debt was securitized through a Pooling and Servicing Agreement. Pls.' Pet. ¶ 12. Again, Plaintiffs lack standing to challenge the alleged Pooling and Servicing Agreement, because they have not alleged facts that they were parties to or third-party beneficiaries of the agreement. *Metcalf*, 2012 WL 2399369, at *4 (citing *Deerinck v. Heritage Plaza Mortg. Inc.*, 2012 WL 1085520, at *5 & n. 10 (E.D.Cal. Mar. 30, 2012) ("Plaintiffs lack standing to challenge the process in which their mortgage was securitized because they are not a party to the PSA.")).

The entirety of Plaintiffs' allegations rest on alleged violations of agreements for which they do not have standing, and for this reason alone, this action should be **DISMISSED**. *See Metcalf*, 2012 WL 2399369, at *6.

B.  *Quiet Title*

Plaintiffs' clear boilerplate language used in their suit to quiet title claim is insufficient to state a claim on which relief can be granted. Under Texas law, a suit to quiet title, or an action to remove cloud to title, is an equitable cause of action that clears invalid charges against the title to real property. *Fricks*, 45 S.W.3d at 327. To prevail in a suit to quiet title action, a plaintiff must show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Bell v. Bank of America Home Loan Servicing*, No. 4:11-cv-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (citing *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex.App.-Houston [1st Dist.] Dec. 30, 2011)). "Any deed, contract, judgment or other instrument not void on its face which purports to convey any interest in or makes any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." *Best Inv. Co. v. Parkhill*, 429 S.W.2d 531, 534 (Tex. Civ. App.-Corpus Christi 1968). In a suit to quiet title, a plaintiff must also rely on the strength of his or her own title, not the weaknesses of his or her adversary's title. *Fricks*, 45 S.W.3d at 327.

In this case, Plaintiffs base their suit to quiet title claim on alleged invalid interests in the property held by BOA, that arose from the Pooling and Servicing Agreements[3] and the assignment

---

[3] "The transfer of the Note as part of undetermined securities potentially subjects Plaintiff to multiple and unpredictable recoveries or attempts to recover against the subject properties." Pls.' Pet. ¶

of the Deed of Trust[4]—bases this Court has already addressed and recognized as invalid *supra* Part III, Section A. The Plaintiffs do allege, however, that another entity, Federal National Mortgage Association ("Fannie Mae") has also alleged an interest in the Property. Although this allegation is not addressed by Defendants in their Motion to Dismiss, Plaintiffs fail to provide any factual support that would show Fannie Mae's alleged interest in the Property somehow gives Plaintiffs superior title and makes BOA's facially valid claim to title effectively invalid or unenforceable. Nonetheless, because the factual record is incomplete on this issue and not fully addressed by the parties, the Court **DISMISSES** Plaintiffs' suit to quiet title claim but allows Plaintiffs the opportunity to replead.

### C. Declaratory Judgment

Plaintiffs also seek a declaratory judgment granting Plaintiffs title free of any other obligations or interests and stating that Defendant BOA lacks any enforceable interest under the Note or Deed of Trust and therefore BOA lacks, among other things, the authority to declare Plaintiffs in default and foreclose on the Property. Pls.' Pet. ¶ 21.

A declaratory judgment action filed in state court and removed to federal court essentially converts the action into one brought under the Declaratory Judgment Act, but does not create a substantive cause of action. *See Metcalf*, 2012 2399369, at *9 & n.15. A declaratory judgment action requires the existence of a present justiciable controversy. *Bell v. Bank of America Home Loan*

---

25.

[4] "The failure of [BOA] . . . to retain any interest in the obligations under the Note voided any title or power they might have under the Trust Deed, and rendered the Trust Deed unenforceable by them." Pls.' Pet. ¶ 26.

*Servicing, LP*, No. 4:11–cv–02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) ("In a declaratory judgment action, '[b]ased on the facts alleged, there must be a substantial and continuing controversy between two adverse parties.'") (citations omitted). Because Plaintiffs have failed to state a viable substantive claim, the Court **DISMISSES** Plaintiffs' request for a declaratory judgment and declaratory relief. *See Metcalf*, 2012 WL 2399369, at *9 (citing *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *6 (N.D. Tex. Aug. 16, 2011)).

## IV.

## CONCLUSION

For the aforementioned reasons, the Court **DISMISSES** Plaintiffs' claims for suit to quiet title and declaratory judgment in their entirety. Plaintiffs may file an amended complaint on, or before, **July 27, 2012**. The amended pleadings are to be confined to the claims already plead in this case. Failure to file a timely amended complaint will result in this case being dismissed with prejudice.

**SO ORDERED.**

**Signed July 6, 2012**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE